UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRYSTAL C. DELLA ROCCO,                         CASE NO.: 8:22-CV-2140

    PLAINTIFF,

V.

BAY AREA YOUTH SERVICES, INC.,

    DEFENDANT.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, KRYSTAL C. DELLA ROCCO, (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendant, BAY AREA YOUTH SERVICES, INC. (hereinafter referred to as the "Defendant"), and states as follows:

**INTRODUCTION**

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq (hereinafter, "the Act").

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

3. Venue is proper in the Middle District of Florida because the Defendant employed the Plaintiff in Sarasota County, Florida.

4. Plaintiff was an employee of the Defendant and at all times relevant to violations of the Act was engaged in commerce as defined by 29 U.S.C. 207(a).

5. Defendant is a Florida Not For Profit Corporation with its principal place of business in Tampa, Florida.

6. At all times pertinent to this Complaint, the Employer/Defendants obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. The annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Overtime requirements apply.

8. The Plaintiff has retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## FACTUAL ALLEGATIONS

9. During the relevant period, Plaintiff was employed as a Senior Case Manager.

10. Plaintiff was an hourly employee for the Defendant.

11. Senior Case Managers are responsible for promptly responding to and addressing situations involving their cases in a timely manner. Consequently, there is an expectation that Senior Case Managers will work beyond forty hours each workweek.

12. Defendant suffered or permitted the Plaintiff to be available to work ten (10) to fifteen (15) hours of overtime on a weekly basis between July 26, 2019 and July 30, 2021.

13. Plaintiff was instructed to not put overtime hours on her time sheet as she would not be paid for the same.

14. Plaintiff's supervisor, Joseph Chestnut, during the relevant periods were aware of her work more than forty hours per week. He would routinely receive or be copied on emails and text messages late into the evening evidencing the Plaintiff's workload and work more than forty hours per week. Plaintiff's worked in excess of forty hours is well documented in the Defendant's computer systems, computer programs and /or telephone systems.

15. On August 4, 2021, the Plaintiff had not choice but to give her notice because her workload was not being evenly distributed and she was not being compensated for the hours she worked.

16. The Plaintiff provided thirty days notice and worked through September 3, 2021.

## COUNT I: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

17. During her employment with the Defendant, Defendant violated the provisions of 29 U.S.C. §§ 207(a) of the FLSA by failing to pay the Plaintiff overtime.

18. The Plaintiff worked a wide range of hours each week ranging from 50 – 55 hours depending on the week.

19. The Defendants have failed to keep accurate records of the Plaintiff's work hours in violation of the FLSA.

20. The actual amount of overtime owed shall fluctuate based upon the number of hours worked each week.

21. Plaintiff estimates she averaged 12.5 hours of overtime per week on average between July 28, 2019 and August 13, 2021. The following is a good faith estimate of her overtime

hours without compensation and is subject to change after the Defendant produces relevant records during discovery:

    a. During the period of September 15, 2019 and July 26, 2020 (45 weeks), the Plaintiff's regular rate of pay was $17.76 per hour and her overtime rate was $26.64. After subtracting three weeks for vacation/sick days, the Plaintiff estimates she worked 525 hours of overtime. The Plaintiff is entitled to $13,986.00 in overtime for this period.

    b. During the period of July 26, 2020 through July 24, 2021 (52 weeks), the Plaintiff's regular rate of pay was $18.29 per hour and her overtime rate was $27.43. After subtracting three weeks for vacation/sick days, the Plaintiff estimates she worked 612.50 hours of overtime. The Plaintiff is entitled to $16,803.94 in overtime for this period.

    c. During the period of July 25, 2021 through August 13, 2021, the Plaintiff's regular rate of pay was $19.24 per hour and her overtime rate was $28.86. The Plaintiff estimates she worked 37.5 hours of overtime during this period. The Plaintiff is entitled to $937.50 in overtime for this period.

22. Defendant knowingly violated the Act and/or showed a reckless disregard for the provisions of the Act concerning the payment of overtime wages to the Plaintiff.

23. As a direct and proximate result of Defendant's willful disregard of the Act, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in her favor against the Defendants:

    a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

24. Plaintiff demands trial by jury on all issues so triable as of right by jury.

Respectfully submitted: this 14th day of September, 2022.

By:     /s/ Frank M. Malatesta, Esq.

**FRANK M. MALATESTA, ESQUIRE**
Florida Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Boulevard, Suite 235
Venice, Florida 34285
Telephone No.: (941) 256 - 3812
Facsimile No.:  (888) 501-3865
Frank@malatestalawoffice.com
Staff@malatestalawoffice.com
*Counsel  for Plaintiff*