UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRYSTAL C. DELLA ROCCO,

    Plaintiff,

v.                                 Case No. 8:22-cv-2140-CEH-TGW

BAY AREA YOUTH SERVICES, INC.

    Defendant.
_____/

REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the Joint Motion and Stipulation for Approval of Settlement (Doc. 18) on the plaintiff's claim that the defendant failed to pay her overtime compensation, in violation of the Fair Labor Standards Act (FLSA) (Doc. 1). The motion was referred to me.

The plaintiff alleges that she was an hourly employee who regularly worked more than 40 hours in a workweek, but that she was not compensated for work exceeding 40 hours, as required by FLSA (id., pp. 2-3). She requests unpaid overtime wage compensation, liquidated damages, costs, and attorneys' fees for her overtime claim (id., p. 5).

The parties entered into a Settlement Agreement and Release in

which the defendant agrees to pay a total of $25,242 to resolve this matter (see Doc. 18, pp. 7-11, "Exhibit A"). Specifically, the plaintiff agrees to accept $8,500 in compensatory damages and $8,500 in liquidated damages. The remainder is the attorneys' fees and costs of $8,242. Importantly, the parties state that "[t]he attorneys' fees … were agreed upon by the Parties separately and without regard to the amount paid to Plaintiff" (id., p. 5).

Furthermore, the parties "agree that this is a fair and reasonable settlement …" (id., p. 2). They specify that the plaintiff "reasonably departed from her originally estimated damages" because the defendant vigorously disputes that it owes the plaintiff any damages and the parties wish to avoid protracted litigation with an uncertain result (id., pp. 2, 4).

Because I find the parties' settlement agreement constitutes a fair and reasonable compromise of this dispute, I recommend that the motion be granted, and the case be dismissed with prejudice.

Compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment after scrutinizing the settlement for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352-53 (11th Cir. 1982). Therefore, in any FLSA case, the Court must review the parties' settlement to determine whether it

is a fair and reasonable resolution of a bona fide dispute. Id. at 1355. The Court is also required to ensure that counsel's fee is reasonable not only so that counsel is compensated adequately, but so that no conflict of interest arises between counsel's compensation and the amount the employee recovers under the settlement. See Silva v. Miller, 307 Fed. Appx. 349, 351 (11th Cir. 2009).

When evaluating whether a compromise is fair and reasonable, courts examine the following factors: (1) whether there was fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the case; (3) the stage of the proceedings; (4) the probability of plaintiff's success; (5) the range of possible recovery and (6) counsel's opinion. See Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Keeping these factors in mind, I note that the parties settled this matter after negotiations which considered, among other things, the cost and time of continued litigation, and the uncertainty and risks associated with continued litigation (Doc. 18, p. 4).

The parties represent that "[t]here is no fraud in this case" and elaborate that "each party is independently represented by counsel" who have "extensive experience in litigating FLSA claims" (id., pp. 3, 4).

3

Additionally, counsel state that "[t]here has been sufficient investigation, discovery and exchange of information to allow the Parties to undertake a fair and reasonable settlement. The Parties have exchanged documents, including without limitation, information regarding payroll records, time records, compensation paid and correspondence between the Parties" (id., p. 4).

In this respect, the parties assert that the "probability of success on the merits is in dispute" (id.). Thus, the defendant "vigorously dispute[s]" the merits of the plaintiff's claims and denies that the plaintiff is entitled to any wage payments under the FLSA (id.). Therefore, in settling this matter, the plaintiff considered that it was uncertain whether "she would be awarded any amount or what such amount would be" (id.). Furthermore, the parties agree that the cost of continued litigation of their respective positions "would be exceedingly high" (id.).

Additionally, counsel for the parties have stated repeatedly that the proposed settlement is a fair and reasonable compromise of the plaintiff's claims (id., pp. 2, 4, 5).

Accordingly, I find that the settlement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching. DeGraff v. SMA Behavioral

4

Health Servs, Inc., 945 F.Supp.2d 1324, 1328 (M.D. Fla. 2013), quoting Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1354.

As to the attorneys' fees, the plaintiff did not provide time sheets detailing counsel's time, or the hourly rate. The absence of this information, however, does not undermine the Court's ability to evaluate the reasonableness of the parties' settlement, as I do not find the amount of the attorneys' fees to be unreasonable on its face. See DeGraff v. SMA Behavioral Health Servs, Inc., supra, 945 F. Supp.2d at 1329.

> Furthermore, courts in this district have generally agreed that:
>
> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Bonetti v. Embarq Mgmt. Co., 715 F. Supp.2d 1222, 1228 (M.D. Fla. 2009); see also Mason v. Wyndham Vacation Ownership, Inc., 2012 WL 570060 at *3 (M.D. Fla. 2012); Church v. Conrad Yelvington Distrib., Inc., 2011 WL

5

6002519 at *2 (M.D. Fla. 2011). Those factors are satisfied here (see Doc. 18). Therefore, there is no reason to assume that the attorneys' fees have influenced the reasonableness of the plaintiff's settlement. Bonetti v. Embarq Mgmt. Co., supra, 715 F. Supp.2d at 1228.

In sum, I find the terms of the settlement agreement are fair, just, and in accordance with the FLSA. See Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1352-53. Consequently, I recommend that the Joint Motion and Stipulation for Approval of Settlement and Dismissal With Prejudice (Doc. 18) be granted, and this case be dismissed with prejudice.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: March 29, 2023.

NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.